# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Geoff Winkler, | Case No. 2:26-cv-00990-JCM-NJK |
| Plaintiff(s), | **Order** |
| v. | |
| Dian S. Tate, et al., | |
| Defendant(s). | |
| Geoff Winkler, | Case No. 2:26-cv-00992-JCM-NJK |
| Plaintiff(s), | **Order** |
| v. | |
| Hunter Johnson, et al., | |
| Defendant(s). | |
| Geoff Winkler, | Case No. 2:26-cv-00993-JCM- NJK |
| Plaintiff(s), | **Order** |
| v. | |
| Arthur Kuan, et al., | |
| Defendant(s). | |
| Geoff Winkler, | Case No. 2:26-cv-00995-JCM- NJK |
| Plaintiff(s), | **Order** |
| v. | |
| Stephen Hodges, et al., | |
| Defendant(s). | |
| Geoff Winkler, | Case No. 2:26-cv-00996-JCM- NJK |
| Plaintiff(s), | **Order** |
| v. | |
| Yee Mar, et al., | |
| Defendant(s). | |

1

| Geoff Winkler,<br><br>        Plaintiff(s),<br><br>v.<br><br>Matthew Sinnock,<br><br>        Defendant(s). | Case No. 2:26-cv-00998-JCM- NJK<br><br>**Order** |
|---|---|
| Geoff Winkler,<br><br>        Plaintiff(s),<br><br>v.<br><br>David Riske, et al.,<br><br>        Defendant(s). | Case No. 2:26-cv-01000-JCM- NJK<br><br>**Order** |
| Geoff Winkler,<br><br>        Plaintiff(s),<br><br>v.<br><br>Giselle Bennett, et al.,<br><br>        Defendant(s). | Case No. 2:26-cv-01001-JCM- NJK<br><br>**Order** |
| Geoff Winkler,<br><br>        Plaintiff(s),<br><br>v.<br><br>Brett Taitz, et al.,<br><br>        Defendant(s). | Case No. 2:26-cv-01003-JCM- NJK<br><br>**Order** |

These cases have been assigned to the undersigned magistrate judge for pretrial purposes in an effort to aid in their efficient disposition. The cases include dozens of Defendants, some of whom have filed answers, some of whom have filed motions to dismiss (or other threshold motions), some of whom have been served or waived service but have not yet appeared, some of whom have not yet been served, and some of whom have been dismissed. *See, e.g.*, 2:26-cv-1001, Docket No. 79. In addition, proposed discovery plans have been filed in two of these cases indicating that initial disclosures may be exchanged, but that the case is not otherwise ripe to advance into discovery.

To best achieve the goals outlined in Rule 1 of the Federal Rules of Civil Procedure, the Court **SETS** the following initial case deadlines. First, Plaintiff must file in each case a status report regarding service and appearances of each Defendant by <u>September 9, 2026</u>. Second, if any party seeks a stay of discovery, a motion or stipulation must be filed for that relief by <u>September 16, 2026</u>. Any such request must be supported by points and authorities, as well as meaningfully developed argument. Third, unless ordered otherwise, a joint discovery plan must be filed in each case by <u>October 7, 2026</u>.[1]

In light of the above, the Court **DENIES** as moot the two discovery plans already filed. *See* Case No. 2:26-cv-00995-JCM-NJK, Docket No. 51; Case No. 2:26-cv-01000-JCM-NJK, Docket No. 52. The Court also **VACATES** the status conference that had been set for July 8, 2026. *See* Case No. 2:26-cv-1001-JCM-NJK, Docket No. 65.

IT IS SO ORDERED.

Dated: June 29, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] If parties believe it is appropriate to exchange initial disclosures now, nothing in this order prevents them from doing so despite the resetting of the deadline to file a discovery plan.

3