**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Geoff Winkler,<br>Plaintiff(s),<br>v.<br>Giselle Bennett, et al.,<br>Defendant(s). | Case No. 2:26-cv-01001-CDS-NJK<br>**Order**<br>[Docket No. 181] |

On July 29, 2026, the Court denied Defendant Andrea Rosegreen's motion to compel the Clerk's Office to segregate her filings. Docket No. 180. The Court also therein cautioned Rosegreen that her filings must be signed by her herself or by an attorney working on her behalf. *See id.* at 1. Rosegreen has now filed a "reply," which the Court construes as a motion to reconsider arguing that her filings may be signed by her power of attorney. Docket No. 181.[1] As so construed, the motion is **DENIED**.

"Reconsideration is an extraordinary remedy, to be used sparingly." *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 245 F.R.D. 470, 472 (D. Nev. 2007) (citation and internal quotations omitted). The Local Rules provide the applicable standards in addressing whether the Court should reconsider an interlocutory order, indicating that reconsideration may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the Court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. Local Rule 59-1(a).

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The reconsideration standards have not been met here. Rosegreen argues essentially that the Court erred in its warning previously because the signer of her filings is acting based on a power of attorney. Rosegreen's argument lacks merit:

> Nevada's Uniform Power of Attorney Act is codified in Nevada Revised Statute Chapter 162A and governs powers of attorney for financial matters and healthcare decisions. A "[p]ower of attorney" is "a writing or other record that grants authority to an agent to act in the place of the principal, whether or not the term 'power of attorney' is used." Nev. Rev. Stat. § 162A.090. Under NRS § 162A.470, the "construction of authority generally" provides that a power of attorney may authorize the principal's agent to "[d]emand, receive and obtain, by litigation or otherwise, money or another thing of value to which the principal is, may become or claims to be entitled . . . ." Nev. Rev. Stat. § 162A.470(1).
>
> However, it is unlawful for a person to practice law in Nevada unless that person is an "active member of the State Bar of Nevada or otherwise authorized to practice law in this state pursuant to the rules of the Supreme Court." Nev. Rev. Stat. § 7.285(1)(a). It is well-established in both Nevada state courts and the federal courts that an individual may represent himself or herself in court but there is no rule or statue that permits a non-attorney to represent any other person in court. *See Guerin v. Guerin*, 116 Nev. 210, 993 P.2d 1256, 1258 (Nev. 2000) (holding that "[a]lthough an individual is entitled to represent himself or herself in the district court, *see* SCR 44, no rule or statute permits a non-attorney to represent any other person, a company, a trust, or any other entity in the district courts or in this court"); 28 U.S.C. § 1654 (providing that *pro se* litigants have the right to plead and conduct their own cases personally); *Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (noting that "a non-attorney may appear only in her own behalf").
>
> In *Eby v. Johnston L. Off., P.C.*, 518 P.3d 517 (Nev. App. 2022), the Nevada Court of Appeals directly addressed an inmate's argument that Nevada's power of attorney laws permitted "a nonlawyer agent with a valid power of attorney concerning claims and litigation to essentially step into the shoes of the principal and litigate an action as if the principal were proceeding in pro se, or that it simply authorizes such an agent to engage in the practice of law on the principal's behalf." *Id.* at 523. The Nevada Court of Appeals rejected that argument and held "a nonlawyer agent under a power of attorney is not entitled to appear in pro se in place of the principal or engage in the practice of law on the principal's behalf." *Id.* at 526. Instead, the Nevada Court of Appeals explained that the power of attorney is "better understood as allowing a principal to grant an agent the authority over claims and litigation the principal would have as a *client* in an attorney-client relationship." *Id.* (emphasis added).

*Tyner v. Nev. Dept. of Corrs.*, 2024 U.S. Dist Lexis 152230, at *1-3 (D. Nev. Aug. 26, 2024).

Accordingly, the Court **DENIES** Rosegreen's motion to reconsider.[2] The Court again **CAUTIONS** Rosegreen that her filings must be signed by her herself or by an attorney working on her behalf. While the Court has liberally construed Rosegreen's reply as a motion, the Court again **CAUTIONS** Rosegreen that she must properly label her requests in the future as a motion or (if agreed upon by all parties) a stipulation.

IT IS SO ORDERED.

Dated: August 4, 2026

Nancy J. Koppe
United States Magistrate Judge

[2] If this filing was meant to seek relief beyond what is addressed herein, that relief is denied without prejudice. *See* Local Rule IC 2-2(b).