UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Geoff Winkler v. Hunter Johnson, et al.

Case No. 2:26-cv-00992-CDS-NJK

[ECF Nos. 28, 31, 32]

Geoff Winkler v. Stephen Hodges, et al.

Case No. 2:26-cv-00995-CDS-NJK

[ECF Nos. 15, 16, 63, 67, 68, 69, 70, 71, 73, 75, 76, 85, 88, 97, 98, 104, 171, 172]

Geoff Winkler v. Yee Mar, et al.

Case No. 2:26-cv-00996-CDS-NJK

[ECF Nos. 36, 39]

Geoff Winkler v. Giselle Bennett, et al.

Case No. 2:26-cv-01001-CDS-NJK

[ECF Nos. 118, 119]

**Order Denying as Premature Motions in Limine and Motions to Exclude and Striking Certain Filings**

These are all purported fraudulent transfer cases brought by court-appointed Receiver Geoff Winkler related to a Securities and Exchange Commission (SEC) enforcement action already pending in this district against numerous defendants. *See* ECF No. 88 in *SEC v. Matthew Beasley, et al.* ("the Beasley action"), Case No. 2:22-cv-00612-CDS-EJY. The above-captioned defendants have filed a flurry of motions in their cases.[1] For purposes of judicial economy, I issue

[1] The court takes this opportunity to echo U.S. Magistrate Judge Nancy J. Koppe's caution about

this omnibus order resolving some of those motions. Specifically, and for the reasons explained herein, this order denies as premature some motions in limine and motions to exclude,[2] and strikes some motions and other filings that were improperly filed.

**I. Discussion**

As a threshold matter, the court first addresses the fact that it appears the defendants are utilizing artificial intelligence to aid in the filing their briefs. As Judge Koppe noted, "[a]rtificial intelligence has proven to be unreliable in this arena, including generating imaginary legal authority. All attorneys and all pro se parties are advised to proceed with caution in using artificial intelligence as an aid in crafting judicial filings." *See* ECF No. 143 at n.4 in Case No. 2:26-cv-00995-CDS-NJK. Indeed, "AI is a powerful tool, that when used prudently, provides immense benefits." *Ferris v. Amazon.com Servs., LLC*, 778 F. Supp. 3d 879, 880 (N.D. Miss. 2025). But all litigants should proceed with caution because the use of AI is fraught with peril, so it requires a careful understanding of its usefulness and its limitations. *See Malkeet LNU v. Blanche*, 177 F.4th 1014, 1024 (9th Cir. 2026) (order cautioning against the indiscriminate use of AI tools to prepare court filings); *Fareportal, Inc. v. Nishith Kumar*, 2026 U.S. App. LEXIS 19596, at *2 (9th Cir. July 2, 2026) (same); *Moales v. Land Rover Cherry Hill*, 2025 WL 1249616, at *3 (D. Conn. Apr. 30, 2025) (cautioning pro se litigant about the "beneficial use of artificial intelligence requires carefully understanding its limitations"). While parties must file points and authorities (i.e.,

---

following the rules and orders of the court. All litigants, including those appearing pro se, must comply with the Federal Rules of Civil Procedure and the District of Nevada's Local Rules of Practice. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (pro se parties must still comply with rules and case law); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (stating that "pro se litigants are not excused from following court rules"). A review of some of the motions denied here reveal they violate the local rules. For example, Local Rule 7-3(b) states that the page limit for all motions, other than those for summary judgment, is 20 pages. As an example, the motion limine at ECF No. 31 in Case No. 2:26-cv-00992-CDS-NJK is 44 pages long. Further, the motion to exclude at ECF No. 118 in Case No. 2:26-cv-1001-CDS-NJK is 49 pages long, and worse, it is improperly filed on behalf of a defendant by a non-lawyer. Other violations are addressed in this order. Failure to comply with court orders and rules will result in sanctions, including but not limited to, striking filings that fail to comply. A copy of the local rules is available online at https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf.

[2] Some filings are stricken as duplicative. *See infra.*

cases and law) to support their motion and requested relief, *see* Local Rule 7-2, a party must also provide meaningful explanation or analysis regarding how the authority applies to the facts of their case, or risk denial.

Moreover, Federal Rule of Civil Procedure (FRCP) 11 requires that any paper (meaning motion or otherwise), filed on behalf of a party may be signed only by the attorney of record or by the party personally if that party is pro se. *See* Fed. R. Civ. P. 11. Thus, this rule precludes a party from raising arguments on behalf of another party. *See Thomas v. Johnson*, 2024 U.S. Dist. LEXIS 162307 (S.D. Tex., Sep. 10, 2024) (first citing *In re DLN Properties, LTD*, 2018 WL 3109641, at *3 n.41 (E.D. La. June 25, 2018) ("Federal Rule of Civil Procedure 11 does not permit a defendant to seek relief on behalf of its co-defendant."); and then citing *Hanover Ins. Co. v. Superior Lab. Servs., Inc.*, 2018 WL 2056173, at *2 (E.D. La. Mar. 13, 2018) ("[B]ecause the motion to dismiss was not signed by counsel for any of the Remaining Insurers, the Court strikes Allied's motion to dismiss brought on behalf of them" under Rule 11)). The defendants are cautioned that filings submitted on co-defendant's behalf are subject to summary denial or striking, or other sanctions, for violating Rule 11.

**A. The pending motions in limine are denied as premature.**

"Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002) (citations omitted). A motion in limine, however, should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). Rather, unless the proffered evidence is clearly inadmissible for any purpose, evidentiary rulings should be deferred *until trial* so that questions of foundation, relevancy, and potential prejudice may be resolved in the proper context. *See Hays v. Clark County*, 2008 WL 2372295, at *7 (D. Nev. June 6, 2008). No scheduling or discovery order has been entered, *see* Local Rule 16-1 (scheduling and case management), much less any trial date in any of these cases.

These actions are relatively new, having only been initiated in March 2026. Further, some defendants have not yet filed answers because there are outstanding motions to dismiss. As a result, these motions in limine[3] are premature, so they are denied without prejudice.[4]

**B. The pending motions to exclude expert testimony and reports, which I construe as additional motions in limine, are denied as premature.[5]**

Several defendants[6] move to preclude plaintiff Geoff Winkler's forensic accounting report, and other testimony, citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and Federal Rule of Evidence 702. But discovery has not even commenced in this action, so the scope of evidence or expert testimony remains unclear. The court reminds the defendants that the expert disclosures and testimony are governed by FRCP 26. Until expert testimony has been disclosed, these motions are premature, so they are denied accordingly. *See Mfg. Automation & Software Sys. v. Hughes*, 2019 U.S. Dist. LEXIS 9343, at *18–19 (C.D. Cal. Jan. 15, 2019) (denying motion in limine to exclude expert opinions and testimony as premature).

**C. The motions filed by non-lawyers at ECF No. 15 in Case No. 2:26-cv-00995-CDS-NJK and ECF Nos. 118 and 119 in Case No. 2:26-cv-01001-CDS-NJK are stricken.**

It is long established in both Nevada state courts and the federal courts that an individual may represent himself or herself in court but there is no rule or statute that permits a non-attorney to represent any other person in court. *See Guerin v. Guerin*, 993 P.2d 1256, 1258 (Nev. 2000) (holding that "[a]lthough an individual is entitled to represent himself or herself in the district court, *see* SCR 44, no rule or statute permits a non-attorney to represent any other

[3] As relevant here, the motions are docketed as follows: ECF No. 28 in Case No. 2:26-cv-992; ECF No. 63, 85, 97, 104 in Case No. 2:26-cv-995; ECF No. 36 in Case No. 2:26-cv-00996; ECF No. 119 in Case No. 2:26-cv-1001.

[4] The court also strikes the proposed orders related to these motions and other pending motions for the reasons explained herein.

[5] The exception to this is the motions filed in ECF Nos. 118 and 119 in Case No. 2:26-cv-01001-CDS-NJK, which are stricken for the reasons explained below.

[6] As relevant here, these defendants include Rick Bunch (ECF Nos. 31, 32 in Case No. 2:26-cv-00992), Joe Totoro (ECF No. 98 in Case No. 2:26-cv-00995), Susan Bopp (*id.* at ECF No. 63), Steve Boe (*id.* at ECF No. 88), Nicholas Rosa (*id.* at ECF No. 104), Priscilla Rosegreen (ECF Nos. 39, 104 in Case No. 2:26-cv-00996), and Silvia Ekermann (ECF No. 118 in Case No. 2:26-cv-01001).

person, a company, a trust, or any other entity in the district courts or in this court"); 28 U.S.C. § 1654 (providing that pro se litigants have the right to plead and conduct their own cases personally); *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975); *Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (noting that "a non-attorney may appear only in her own behalf"). Thus, a defendant can represent him or herself, but a third party cannot appear and represent the rights of third parties.

In Case No. 2:26-cv-00995-CDS-NJK, a person named Cesar Antonio Mautua[7] filed motions to dismiss as a purported "Attorney-in-Fact ('Agent')" on behalf of defendant Gabriela Sheets, *see* ECF Nos. 15 and 74, a "notice" of objection to the Receiver, *id.* at ECF No. 75, and the answer to the complaint on Sheets's behalf. Sheets's answer, ECF No. 147. In Case No. 2:26-cv-01001-CDS-NJK, non-lawyer Silvia Maria Ekermann filed two motions on behalf of defendant Erik Silva Pinto. *See* ECF Nos. 118, 119. These documents are improper and stricken because third parties cannot represent these defendants, and because Mautua's filings violate FRCP 11.[8] I do, however, give Sheets an opportunity to cure this error: She is given 14 days from the date of this order to file an answer either on behalf of herself, or if she elects to hire an attorney, by her attorney.

The defendants are cautioned that any filings by non-lawyers on behalf of defendants will be summarily stricken.[9] This includes filing documents on behalf of co-defendants, like the proposed orders that were improperly filed on behalf of multiple defendants and related to multiple motions.[10] Accordingly, all proposed orders are also hereby stricken.[11]

---

[7] Mautua is a defendant in Case No. 2:26-cv-01000-CDS-NJK.

[8] Because I am striking these filings, the Receiver's motions in Case No. 2:26-cv-00995 at ECF Nos. 171 and 172 are denied as moot.

[9] I also strike as improper the request for judicial notice that Mautua filed at ECF No. 16 in Case No. 2:26-cv-00995. I also strike the improperly filed motion in limine at ECF No. 73.

[10] The proposed orders, and the other filings addressed in this order, also violate Local Rule IC 2-2, which requires all documents be filed in a searchable PDF format. *See* LR IC 2-2(a)(1), (f).

[11] *See* ECF Nos. 67–71 in Case No. 2:26-cv-00995-CDS-NJK; ECF No. 30 in Case No. 2:26-cv-00996-CDS-NJK; ECF No. 80 in Case No. 2:26-cv-01001-CDS-NJK.

## II. Conclusion

IT IS THEREFORE ORDERED that, in Case No. 2:26-cv-00992-CDS-NJK, the defendant's motions **[ECF Nos. 28, 31] are denied as premature** and the filing at **[ECF No. 32] is stricken as duplicative** of ECF No. 31.

IT IS FURTHER ORDERED that, in Case No. 2:26-cv-00995-CDS-NJK, the defendants' motions **[ECF Nos. 63, 73, 76, 85, 88, 97, 98, 104] are denied as premature.**

IT IS FURTHER ORDERED that, in Case No. 2:26-cv-00995-CDS-NJK, the defendants' motion to dismiss **[ECF No. 15]**, request for judicial notice **[ECF No. 16]**, proposed orders **[ECF Nos. 67, 68, 69, 70, 71]**, and "judicial notice" **[ECF No. 75] are stricken.**

IT IS FURTHER ORDERED that, in Case No. 2:26-cv-00995-CDS-NJK, the Receiver's motions to strike **[ECF Nos. 171, 172] are denied as moot.**

IT IS FURTHER ORDERED that, in Case No. 2:26-cv-00996-CDS-NJK, the defendant's motions **[ECF Nos. 36, 39] are denied as premature.**

IT IS FURTHER ORDERED that, in Case No. 2:26-cv-01001-CDS-NJK, the defendant's motions **[ECF Nos. 118, 119] are stricken**.

Dated: August 4, 2026



_______________________________
Cristina D. Silva
United States District Judge