UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Geoff Winkler,<br>Plaintiff<br>v.<br>Giselle Bennett, et al.,<br>Defendants | Case No. 2:26-v-01001-CDS-NJK<br>**Order Denying the Defendant's Motion to Dismiss**<br>[ECF No. 76] |

This is a purported fraudulent transfer case brought by court-appointed Receiver Geoff Winkler related to a Securities and Exchange Commission (SEC) enforcement action already pending in this district against numerous defendants. *See* ECF No. 88 in *SEC v. Matthew Beasley, et al.* ("the Beasley action"), Case No. 2:22-cv-00612-CDS-EJY.

The Receiver filed its complaint on March 31, 2026. Compl., ECF No. 1. Defendant Andrea Rosegreen filed a motion to dismiss on June 22, 2026. Mot., ECF No. 76. Rosegreen's motion is denied for the following reasons. First, Rosegreen's motion appears to be raising arguments on behalf of Nicholas Rossa and other defendants, and it fails to cite the actual complaint; instead, the motion raises general arguments. *See, e.g.*, ECF No. 76 at 1 (arguing "[d]espite the extraordinary nature of the relief sought, the Complaint fa[i]ls to allege sufficient facts establishing individualized liability as to these Defendants"); *id.* at 10 (arguing "[r]ather than alleging particularized facts concerning these Defendants, Plaintiff relies primarily upon transaction histories, tracing analyses and aggregate accounting conclusions"); *id.* at 14 (arguing "the transfers identified by Plaintiff are entirely consistent with numerous lawful explanations, including investment returns, repayment of principal, contractual obligations . . .[t]he Complaint offers conclusions but fails to plead particularized facts."). This is improper. Federal Rule of Civil Procedure 11 requires that any paper (meaning motion or otherwise), filed on behalf

of a party may be signed only by the attorney of record or by the party personally if that party is pro se. *See* Fed. R. Civ. P. 11. Thus, this rule precludes a party from raising arguments on behalf of another party. *See Thomas v. Johnson*, 2024 U.S. Dist. LEXIS 162307 (S.D. Tex., Sep. 10, 2024) (first citing *In re DLN Properties, LTD*, 2018 WL 3109641, at *3 n.41 (E.D. La. June 25, 2018) ("Federal Rule of Civil Procedure 11 does not permit a defendant to seek relief on behalf of its co-defendant."); and then citing *Hanover Ins. Co. v. Superior Lab. Servs., Inc.*, 2018 WL 2056173, at *2 (E.D. La. Mar. 13, 2018) ("[B]ecause the motion to dismiss was not signed by counsel for any of the Remaining Insurers, the Court strikes Allied's motion to dismiss brought on behalf of them" under Rule 11)). Rosegreen is cautioned that filings submitted on co-defendant's behalf are subject to summary denial or striking, or other sanctions, for violating Rule 11.

Second, her motion violates several local rules. That is, her motion is not searchable. And all documents must be in a searchable Portable Document Format (PDF) when possible. *See* LR IC 2-2(a)(1). Further, Rosegreen's motion is not only seeking to dismiss this action; she has also attached other motions to her filing. For instance, she attached a motion to exclude the receiver's forensic accounting opinions, ECF No. 76 at 21, 85, 127; a motion to compel, *id.* at 63, 79; and a motion in limine, *id.* at 76. In essence, Rosegreen is seeking various forms of relief in one filing. Such filing violates Local Rule IC 2-2(b) (explaining that "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document").

Rosegreen is reminded that all filings must comply with the local rules of this district. Rosegreen is cautioned that future submissions that violate the local rules may result in sanctions, including but not limited to striking the filing. Consequently, it is ordered that her motion to dismiss **[ECF No. 76] is denied without prejudice**.

Dated: August 10, 2026

Cristina D. Silva
United States District Judge