**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Geoff Winkler,<br>Plaintiff(s),<br>v.<br>Giselle Bennett, et al.,<br>Defendant(s). | Case No. 2:26-cv-01001-CDS-NJK<br>**Order**<br>[Docket Nos. 199, 200] |

Pending before the Court are the Receiver's motions to extend the time for service and to approve service by publication on Defendants Maebus, Peason, and Foeman. Docket Nos. 199, 200. The motions are properly decided without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **GRANTS** the motion to extend and **DENIES** without prejudice the motion for service by publication.

## I. MOTION TO EXTEND TIME FOR SERVICE

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). The motion establishes sufficient cause to extend the time for effectuating service by 60 days to October 27, 2026.

## II. MOTION FOR SERVICE BY PUBLICATION

The Receiver also seeks an order that he be allowed to effectuate service by publication. Service is to be provided pursuant to the law of the forum state, or in which service is made. *See* Fed. R. Civ. P. 4(e)(1). Nevada law permits service by publication if the plaintiff cannot, after due diligence, locate the defendant. *See* Nev. R. Civ. P. 4.4(c)(1)(a). Due diligence is that which is appropriate to accomplish actual notice and is reasonably calculated to do so. *See Abreu v. Gilmer*, 985 P.2d 746, 749 (Nev. 1999) (quoting *Parker v. Ross*, 217 P.2d 373, 379 (Utah 1950)). Courts may consider the number of attempts made to serve the defendant at his residence and other

methods of locating the defendant, such as consulting public directories and family members. *See, e.g.*, *id.* at 749-50; *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994); *Price v. Dunn*, 787 P.2d 786, 786-87 (Nev. 1990). Service by publication is generally disfavored because substituted service implicates a defendant's constitutional right to due process. *See, e.g.*, *Trustees of the Nev. Resort Assoc.—Int'l Alliance of Theatrical Stage Emps. & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

The Receiver has not shown that service by publication is warranted at this stage. For each of the subject defendants, the Receiver specifies prior service attempts, represents that certain investigatory steps have been taken, and then says that he cannot locate defendants. *See, e.g.*, Docket No. 200-1 at ¶¶ 27-29 (for Defendant Peason, identifying Accurint Report to locate addresses, failed service attempt at mail drop location, and then stating that the Receiver is "unaware" of any other address for Peason); *see also id.* at ¶¶ 32-35 (similar for Defendant Foeman); *id.* at ¶¶ 21-24. The Receiver does not explain why additional investigatory steps (such as a skip trace) are presumed to be ineffectual. Moreover, it would appear for at least some of these defendants that there could be some obvious potential sources to be mined. For Defendant Mabeus, for example, the Receiver explains that sources identify her as a realtor working in California. *See* Docket No. 200-1 at ¶ 23. The Receiver has not explained whether he plumbed the publicly available information for licensed relators[1] or whether he has pursued further contact or service through her employer.

The Court is not persuaded that a sufficient showing has been made to warrant the disfavored relief of service by publication.

[1] The Court takes judicial notice of the fact that the State of California Department of Real Estate provides licensure information for realtors, which includes contact information. *See, e.g.*, *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–999 (9th Cir. 2010) (courts may take judicial notice of information on government websites). Mabeus' identified mailing address is in Henderson, Nevada, and it is not clear if that is the same address at which service efforts have already been unsuccessful given the redactions in the pending papers. There is an additional corporate address provided, however, in San Ramon, California.

## III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the motion to extend and **DENIES** without prejudice the motion for service by publication.

IT IS SO ORDERED.

Dated: September 16, 2026

Nancy J. Koppe
United States Magistrate Judge