UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Geoff Winkler,<br>Plaintiff(s),<br>v.<br>Giselle Bennett, et al.,<br>Defendant(s). | Case No. 2:26-cv-01001-CDS-NJK<br>**Order**<br>[Docket Nos. 232, 233] |

Pending before the Court are the Receiver's motions to extend the time to serve Defendants Ryan Biggs, Jeffrey M. Peason, Andrew Lark, and Walter Foeman, Docket No. 232, and to serve Defendants Biggs, Peason, and Lark by publication, Docket No. 233. The motions are properly decided without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **GRANTS** both motions.

## I. MOTION TO EXTEND TIME FOR SERVICE

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). The motion establishes sufficient cause to extend the time for effectuating service on Defendants Biggs, Peason, Lark, and Foeman by 60 days to January 15, 2027.

## II. MOTION FOR SERVICE BY PUBLICATION

The Receiver also seeks an order that he be allowed to effectuate service by publication on Defendants Biggs, Peason, and Lark. Service is to be provided pursuant to the law of the forum state, or in which service is made. *See* Fed. R. Civ. P. 4(e)(1). Nevada law permits service by publication if the plaintiff cannot, after due diligence, locate the defendant. *See* Nev. R. Civ. P. 4.4(c)(1)(a). Due diligence is that which is appropriate to accomplish actual notice and is reasonably calculated to do so. *See Abreu v. Gilmer*, 985 P.2d 746, 749 (Nev. 1999) (quoting

*Parker v. Ross*, 217 P.2d 373, 379 (Utah 1950)). Courts may consider the number of attempts made to serve the defendant at his residence and other methods of locating the defendant, such as consulting public directories and family members. *See, e.g.*, *id.* at 749-50; *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994); *Price v. Dunn*, 787 P.2d 786, 786-87 (Nev. 1990). Service by publication is generally disfavored because substituted service implicates a defendant's constitutional right to due process. *See, e.g.*, *Trustees of the Nev. Resort Assoc.—Int'l Alliance of Theatrical Stage Emps. & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

The pending motion demonstrates that traditional service on these defendants is not feasible, including that several attempts have been made without success to locate and serve these defendants. *See* Docket No. 232-1 at ¶¶ 11-28. Indeed, some of the circumstances described suggest purposeful evasion. The Court is persuaded that service by publication is warranted.

## III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the motion to extend and the motion to serve by publication. The Court **RESETS** the service deadline to January 15, 2027. The Receiver may serve Defendant Peason through the Las Vegas Review Journal, may serve Defendant Lark through the Orange County Register, and may serve Defendant Biggs through the San Francisco Examiner.

IT IS SO ORDERED.

Dated: November 16, 2026

Nancy J. Koppe
United States Magistrate Judge